IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**ROBERTO MORENO** **PLAINTIFF**

vs. No. 5:16-cv-88

**FORBES ENERGY SERVICES, LTD** **DEFENDANT**

## ORIGINAL COMPLAINT

COMES now Plaintiff Roberto Moreno by and through his attorney Josh Sanford of Sanford Law Firm, PLLC, and for his Original Complaint against Defendant Forbes Energy Services, Ltd. ("Defendant"), and in support thereof he does hereby state and allege as follows:

## I.

## PRELIMINARY STATEMENTS

1. Plaintiff brings this action under the Fair Labor Standards Act, 29 US.C. § 201, *et seq.* ("FLSA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, civil penalties and costs, including reasonable attorneys' fees as a result of Defendant's policy and practice of failing to pay or properly pay overtime compensation to Plaintiff for the hours in excess of forty hours in a single week that he was made to work.

2. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the FLSA as described, infra.

## II.

## THE PARTIES

1. Plaintiff Roberto Moreno is a resident and citizen of Hidalgo County, Texas.

2. Plaintiff was employed by Defendant as a Pump Operator from October of 2014 until February of 2015.

3. Defendant is a for-profit, Texas limited partnership created and existing under and by virtue of the laws of Texas, registered to do business in the State of Texas, providing products and services in the oil and gas industry, throughout the United States in those areas in which fracking is a viable business.

4. Defendant has a registered agent for service of process in the State of Texas, being Capitol Corporate Services, Inc., 800 Brazos, Suite 400, Austin, Texas 78701.

5. Defendant can be served in the State of Texas.

6. Defendant's headquarters address is 3000 Business Highway 281 South, Alice, Texas 78332.

7. Defendant has annual gross revenues exceeding $500,000.00.

8. Defendant was at all times relevant hereto Plaintiff's employer and is and has been engaged in interstate commerce as that term is defined under the FLSA.

## III.

## JURISDICTION AND VENUE

9. The United States District Court for the Western District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331

because this suit raises federal questions under the FLSA.

10. The acts complained of herein were committed and had their principal effect against Plaintiff within the San Antonio Division of the Western District of Texas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391. Plaintiff worked for Defendant in this district.

## IV.

## **FACTUAL ALLEGATIONS**

11. Plaintiff repeats and re-alleges all previous paragraphs of this Original Complaint as though fully incorporated herein.

12. Plaintiff was an employee of Defendant within the last three years.

13. At all times hereinafter mentioned, Defendant has been an employer and enterprise engaged in commerce within the meaning of the FLSA. Defendant has employees engaged in interstate commerce.

14. Defendant has an annual gross volume of sales made or business done of not less than $500,000.00. In addition, at all times hereinafter mentioned, Plaintiff was engaged in commerce as required by 29 U.S.C. §§ 206-207.

15. Plaintiff was employed by Defendant as a Pump Operator, and was paid by the hour.

16. Plaintiff routinely worked in excess of forty (40) hours per week.

17. Defendant paid Plaintiff an hourly rate, and also paid him a non-discretionary bonus.

18. The bonus was a percentage of the total amount collected by Defendant on the projects worked on by Plaintiff and other Pump Operators.

19. In addition, Defendant paid Plaintiff one-and-one-half of his hourly rate for each hour he worked over forty in a workweek.

20. However, Defendant did not include the Plaintiff's bonuses into his regular rate when calculating his overtime pay.

21. Section 778.208 of Title 29 of the Code of Federal Regulations requires that non-discretionary bonuses "must be totaled in with other earnings to determine the regular rate on which overtime pay must be based."

22. Defendant violated the FLSA by not including the Plaintiff's bonuses into his regular rate when calculating his overtime pay.

23. Defendant knew of the FLSA's requirements based on, among other things, Department of Labor investigations in its line of business.

24. Defendant knew, or showed reckless disregard for whether, the way it paid Plaintiff violated the FLSA.

25. Defendant's Pump Operators routinely use hard hats, drilling equipment, lubricators, blow-out preventers, wrenches, and other tools, in performing their job duties. Thus its employees used, handled, sold, and/or worked on, goods or materials that were produced for or traveled in interstate commerce.

**V.**

**CLAIM FOR RELIEF**

26. Plaintiff repeats and re-alleges all previous paragraphs of this Original Complaint as though fully incorporated herein.

27. Defendant intentionally failed to calculate Plaintiff's regular rate of pay as required by the FLSA.

28. Defendant violated the overtime provisions of the FLSA by failing to include the Plaintiff's bonuses into his regular rate when calculating his overtime pay.

29. Defendant deprived Plaintiff of the overtime compensation to which he was entitled under the FLSA for all of the hours over forty (40) per week, in violation of the FLSA.

30. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

31. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations that occurred beginning at least three (3) years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

32. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, he is entitled to an award of prejudgment interest at the applicable legal rate.

## VI.

## PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Roberto Moreno prays for declaratory relief and damages as follows:

(a) That Defendant be summoned to appear and answer herein;

(b) That Defendant be required to account to Plaintiff and to the Court for all of the hours worked by Plaintiff and all monies paid to him;

(c) A declaratory judgment that Defendant's practices as alleged herein violated the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*;

(d) Judgment for damages for all unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*;

(e) Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiff during the applicable statutory period;

(f) An order directing Defendant to pay Plaintiff prejudgment interest, reasonable attorney's fees and all costs connected with this action; and

(g) Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**PLAINTIFF ROBERTO MORENO**

SANFORD LAW FIRM, PLLC
One Financial Center
650 S. Shackleford Road, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

By:  */s/ Josh Sanford*
Josh Sanford
Texas. Bar No. 24077858
josh@sanfordlawfirm.com